IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID DALE HUTT,

    Petitioner,

vs.

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

    Respondents.

No. CIV S-05-2168 FCD DAD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

/

    Petitioner is a state prisoner or a former state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed in the Fresno Division of the court on September 27, 2005, and was transferred to the Sacramento Division on October 28, 2005. Petitioner has not paid the required filing fee of $5.00 or submitted an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a).

    Petitioner challenges a conviction entered on May 10, 2005, in Butte County Superior Court. Plaintiff entered a plea of nolo contendere to a violation of California Penal Code § 1320, failure to appear, and was sentenced to a state prison term of sixteen months. He seeks relief in this court on six grounds:

        Ground one: Conviction obtained by plea of nolo contendere
        which was unlawfully induced

1

|   |   |
|---|---|
| 1 | Ground two:  Conviction obtained by use of coerced admission |
| 2 | Ground three:  Denial of effective assistance of counsel |
| 3 | Ground four:  Denial of right to appeal |
| 4 | Ground five:  Conviction obtained by a violation of the privilege against self-incrimination |
| 5 |  |
| 6 | Ground six:  Defendant never agrees to waive time at any proceedings |

Form Pet. at fourth, fifth, and six pages.

Petitioner has checked a box indicating that he appealed from his 2005 judgment of conviction, but he has entered "N/A" in response to all form questions concerning the appeal. Petitioner alleges that he filed a habeas petition in the Butte County Superior Court on July 18, 2005, which he describes as pending. Petitioner further alleges that he filed a motion to withdraw his plea in the Butte County Superior Court and that the motion was denied on September 13, 2005. Petitioner has checked boxes on the form indicating that he appealed both of these results to the highest state court having jurisdiction. However, petitioner's federal petition bears a signature date of September 15, 2005. Attached to petitioner's federal petition is a copy of a 41-page state habeas petition captioned for filing in the Butte County Superior Court. In the state petition, which bears a signature date of August 21, 2005, petitioner affirmatively alleges that he did not appeal from his conviction or sentence and did not seek review in the California Supreme Court.

Exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Exhaustion cannot be waived except by explicit waiver of counsel for the respondents. 28 U.S.C. § 2254(b)(3). In order to satisfy the federal exhaustion requirement, a state prisoner must fairly present all of his federal claims to the state's highest court before he presents them to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). In

California, a federal claim is fairly presented to the state's highest court only by presenting the claim to the California Supreme Court either on direct appeal or in a habeas petition that describes the operative facts and the legal theories upon which the claim is based. Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994).

Petitioner in this case does not appear to have exhausted state court remedies by presenting his claims to the California Supreme Court either on direct appeal or in a habeas petition. Accordingly, the federal court cannot grant petitioner any relief relative to his 2005 Butte County conviction. The undersigned will therefore recommend that this case be dismissed without prejudice for failure to exhaust state court remedies prior to filing this action. If petitioner subsequently exhausts available state court remedies, he may commence a new federal habeas case.[1]

Petitioner is informed that "[a] petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), Fed. R. Governing § 2254 Cases). "This person typically is the warden of the facility in which the petitioner is incarcerated." Id. (citing Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992)). If the petitioner is on probation or parole, he should name as respondents his probation or parole officer, as well as the official in charge of the parole or probation agency. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996). A petitioner not currently in custody but subject to future custody must name as respondents the attorney general of the state and the officer having present custody over him. Belgarde v. Montana, 123 F.3d 1210, 1212 (9th Cir. 1997). Failure to name the proper respondent in a federal habeas petition deprives the federal court of personal

---

[1] Petitioner is cautioned that a one-year statute of limitations applies to the filing of non-capital habeas corpus petitions in federal court. In most cases, the one-year period of limitation begins to run on the date on which the defendant's judgment became final by the conclusion of direct review or by the expiration of his time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).

3

1  jurisdiction.  Id. (citing Stanley, 21 F.3d at 360).  A petition that does not name the proper
2  respondents must be dismissed.  Stanley, 21 F.3d at 360.  In this case, petitioner has named as
3  respondents the People of the State of California and the Butte County Superior Court.  If
4  petitioner files a new habeas case after exhausting state court remedies, he must name proper
5  respondents in his new petition.
6           Finally, in reviewing the documents filed in the Fresno Division and transferred to
7  Sacramento, the undersigned has noted petitioner's notice of change of address filed on October
8  6, 2005.  In the notice, which appears on the docket as #3, petitioner states that he "has filed 42
9  U.S.C. 1983 as well as writ habeas corpus."  He states further "please amend this information to
10 the complaint filed against Katherine Whitlock and send case number please Mr. Hutt's civil
11 complaint."  The notice of change of address was accompanied by a separate document, docketed
12 in this habeas proceeding as #4, captioned for filing in a case against a defendant named
13 Katherine M. Whitlock.  The document docketed as #4 is titled "Redressing Probation Report
14 Suplemental [sic] 08-31-05."  On October 11, 2005, petitioner filed a second document
15 captioned for filing in a case against a defendant named Katherine Whitlock.  The latter
16 document, titled "Mrs. Whitlock's Suplemental [sic] Report from 08-31-05," has been docketed
17 in this habeas proceeding as #6.  The court's records reflect that petitioner filed a civil rights
18 action against the Butte County Jail in 1996.  The docket for the case, which was closed on
19 October 31, 1997, does not show any defendant other than Butte County Jail.  The undersigned
20 can find no record of any other § 1983 action filed by petitioner or of any action in which there is
21 a party named Katherine Whitlock.  The documents concerning Katherine Whitlock will be
22 disregarded as improperly filed in this habeas case.
23 /////
24 /////
25 /////
26 /////

IT IS HEREBY ORDERED that:

1. Petitioner's documents filed October 6, 2005 (docketed as #4) and October 11, 2005 (docketed as #6) will be disregarded as improperly filed in this case;

2. The Clerk of the Court shall serve a copy of this order and findings and recommendations, together with a copy of the habeas petition filed September 27, 2005, upon the Attorney General of the State of California; and

IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. A document containing objections should be titled "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
hutt2168.103